## LEVY *v.* LACLEDE BANK.[1]

*(Circuit Court, E. D. Missouri.* September 20, 1883.)

1. PRACTICE—JURISDICTION—REMOVAL.

A party who is not entitled to bring his suit in this court originally, cannot bring it here by removal from a state court.

2. SAME.

Where it is doubtful whether this court or a state court has jurisdiction over a case, the doubt should be resolved in favor of the state court.

3. SAME—REMOVAL ACT OF 1875 CONSTRUED — A CHECK NOT A "BILL OF EXCHANGE."

A check is not a bill of exchange, within the meaning of the first section of the removal act of 1875, and a suit brought upon a check by an indorsee against the maker cannot be removed from a state court to a circuit court of the United States, where the maker and payee are citizens of the same state.

4. SAME—PLEADING.

Where the maker and payee are citizens of different states, a failure to allege that fact is fatal.

Motion to Remand.

*Garland Pollard,* for plaintiff.

*McKeeghan & Jones* and *Dyer, Lee & Ellis,* for defendant.

McCRARY, J., *(orally.)* This case is before the court upon a motion to remand. The suit was brought in the state court upon an ordinary bank check, dated St. Louis, February 2, 1883, payable to L. J. Sharpe or order, which check was signed to the order of Robert and George E. Day, and by them indorsed to the present plaintiff. The petition for the removal of the cause states that the plaintiff is a citizen of the state of Illinois, and the defendant a corporation of the state of Missouri, with the other allegations as to the amount in controversy, which are required by the removal act; but there is no allegation in the petition for removal as to the citizenship of the payee of this paper, under whom the plaintiff holds. The provisions of the removal act upon this subject are found in the first and second sections of the act of 1875. The provisions regarding removal are found in the second section; those regarding jurisdiction, in the first. The first section, among other things, in determining the jurisdiction of the court as to appeals, provides: "Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law-merchant, and bills of exchange." The second section, providing for the removal of causes, declares in general terms that there shall be a right of removal in any case in which there shall be a controversy between citizens of different states,

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

and contains some other requirements which are not necessary to be mentioned here.

If we were to consider the second section alone, without any reference to the first, the allegations of this petition for removal would seem to be sufficient. The petition states that there is a controversy here between the citizens of different states, but I have had occasion to hold, contrary perhaps to some of the rulings in other circuits, that these two sections are to be regarded as *in pari materia,* and are to be construed together, and that the second section is not to be given such a construction as will confer upon this court jurisdiction in a case which is not within its jurisdiction as defined in the first section. In other words, if a party could not originally sue in this court, he cannot come into it through a state court by means of the provisions of the act which I have quoted with regard to removal. And so, if this is a case in which the present plaintiff could not have brought his suit here originally, then he cannot bring it here by removal from the state court. This presents the question whether the case is within the exception mentioned in the first section, as expressed in the language, "except in cases of promissory notes negotiable by the law-merchant, and bills of exchange." If a suit is founded upon a promissory note negotiable by the law-merchant, or upon a bill of exchange, then the suit may be brought by the assignee without reference to the citizenship of the assignor; but if it is upon any other contract the jurisdiction depends upon the citizenship of the assignor. Is this, then, a bill of exchange? There is no claim that it is a promissory note. That is a question upon which there has been some difference of opinion among the courts, but it has been before the supreme court of the United States, and that court has held that there is, in a number of particulars, a distinction between an ordinary bank check and a bill of exchange. I read from the case of *Merchants' Bank* v. *State Bank,* 10 Wall. 647.

"Bank checks are not inland bills of exchange, but have many of the properties of such commercial paper; and many of the rules of the law-merchant are alike applicable to both. Each is for a specific sum payable in money. In both cases there is a drawer, a drawee, and a payee. Without acceptance, no action can be maintained by the holder upon either against the drawer. The chief points of difference are that a check is always drawn on a bank or a banker. No days of grace are allowed. The drawer is not discharged by the laches of the holder in presentment for payment, unless he can show that he has sustained some injury by the default. It is not due until payment is demanded, and the statute of limitations runs only from that time. It is by its face the appropriation of so much money of the drawer in the hands of the drawee to the payment of an admitted liability of the drawer. It is not necessary that the drawer of the bill should have funds in the hands of the drawee. A check in such case would be a fraud."

We have always been disposed to construe the removal act with some degree of strictness. It is an act defining and conferring jurisdiction upon the court, and questions of doubt, where they concern the jurisdiction of the court, in my opinion are to be generally resolved

against the jurisdiction of the federal court, and in favor of that of the state court, because there can be no question as to the jurisdiction of the state tribunal, and a judgment there, as a matter of course, would be valid; while if we should err with regard to our jurisdiction, the consequences might be very serious. Therefore we hold that the words "bill of exchange" in the removal act mean what is meant by that phrase in commercial law and at common law, and that a bank check is not a bill of exchange. It follows that in order to give the court jurisdiction it was necessary to aver the citizenship of the payee of this paper, and as it does not appear by the record that that was done, this court is without jurisdiction, and the cause must be remanded. We understand that the payee of the check is in fact a citizen of Missouri, even if the fact was not shown. We think that a failure to allege the citizenship of the payee of the check is fatal to our jurisdiction.